Louis L. Friedman, J.
On June 4, 1957, the above-entitled action came on before this court for pretrial conference. Such conference was held pursuant to an order of the Appellate Division, Second Department, which directed a pretrial of all cases then pending on the Supreme Court Trial Term Calendar. Said order directed that only such persons who had authority to make binding stipulations of settlement were authorized to appear. Plaintiff appeared at such pretrial conference by his attorney, and as a result of said conference the action was marked settled for the sum of $3,300. Thereafter plaintiff’s attorney advised the court that his client refused to accept the amount of the settlement and that he desired that the action be restored to the Trial Term Calendar. At the court’s suggestion both attorneys and the plaintiff appeared before the court on August 15, 1957, and plaintiff at that time reiterated his refusal to culminate the settlement theretofore reached by forwarding the proper release. Inquiry by the court revealed that plaintiff had received only first-aid treatment at a hospital, incurring a hospital bill liability in the amount of only $13.78. Apparently the hospital felt that his injuries were minor, but, nevertheless, there is a claimed expenditure of $397 for subsequent medical expense and a claimed loss of wages for an alleged 11-week disability amounting to the sum of $880. The court pointed out to plaintiff and his attorney that at the time of the pretrial conference plaintiff’s attorney had demanded only $5,000 to settle the entire action and that the court felt that in view of the serious dispute between the parties as to *212 the nature of plaintiff’s claimed injuries, that the settlement was a fair one. Nevertheless, plaintiff refused to subscribe to the settlement which had theretofore been entered into.
The pretrial sessions of this court were held in an effort to dispose of congested calendars which cannot otherwise be dealt with because of the lack of judicial manpower in our courts and particularly in the Supreme Court, Kings County. If the Appellate Division order means anything, then the attorney for the plaintiff either committed a fraud upon the court in appearing at a pretrial settlement when he knew that he had no authority to make a binding stipulation of settlement, or else if he had the authority he should be held to the agreement which he made in open court. This attorney is well experienced in the work of this court and particularly in the practice of negligence law and the court finds that he had the authority from his client to make the stipulation of settlement which was entered into.
This court has heretofore insisted that defendants who are represented by their insurance carriers should appear only by those who have authority to negotiate and culminate settlements and has refused to permit so-called messenger boys to appear at the pretrial conferences. The same must hold true for plaintiffs and if a plaintiff through his attorney marks a case settled, he must be deemed to have had the authority to do so. Accordingly, the informal application to vacate the settlement is denied and the records of this court will remain marked “ settled ” and the action has now been terminated by such settlement. It is so ordered.